1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH R. LORDAN, SB# 265610
2 |   Email: Joseph.Lordan@lewisbrisbois.com
CHINA WESTFALL, SB# 300982
3 |   Email: China.Westfall@lewisbrisbois.com
333 Bush Street, Suite 1100
4 | San Francisco, California 94104-2872
Telephone: 415.362.2580
5 | Facsimile: 415.434.0882

6 | Attorneys for ATIEVA USA, INC. dba LUCID
MOTORS USA, INC.

7 |

8 |

            UNITED STATES DISTRICT COURT

9 |     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10 |

11 | MARCEL SIELER, an individual,       CASE NO. 4:17-cv-03152-DMR

12 |         Plaintiff,

13 |    vs.              **DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

14 | ATIEVA USA, INC. dba LUCID MOTORS
USA, INC., a California corporation; and
15 | DOES 1-20, inclusive,       The Hon. Donna M. Ryu

16 |         Defendants.       Trial Date:     None Set

17 |

18 | **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

19 |      **COMES NOW** Defendant ATIEVA USA, INC. dba LUCID MOTORS USA, INC.

20 | (hereinafter "ATIEVA" or "Answering Defendant"), through its attorneys of record and for its

21 | Answer to Plaintiff MARCEL SIELER'S (hereinafter "Plaintiff") Complaint as follows:

22 |                 **<u>INTRODUCTION</u>**

23 |     1.     Paragraph 1 contains a statement of the case, and thus does not require a response.

24 | To the extent that a response is required, Defendant denies each and every allegation of Paragraph

25 | 1.

26 |     2.     Defendant denies each and every allegation of Paragraph 2 of the Complaint.

27 | // //

28 | // //

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant admits that it is a corporation incorporated in the state of Delaware with a principle place of business in the State of California. Defendant denies each and every remaining allegation of Paragraph 3.

4. The allegations in Paragraph 4 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 4 and on that basis denies them.

5. The allegations in Paragraph 5 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 5 and on that basis denies them.

# PARTIES

6. The allegations in Paragraph 6 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 6 and on that basis denies them.

7. The allegation in Paragraph 7 of the Complaint concerning Defendant's status as a "person" is a legal conclusion as to which no answer is required. To the extent that a response is required, Defendant denies it. Defendant admits the remaining allegations of Paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 8, and on that basis denies them.

9. The allegations in Paragraph 9 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 9.

/ / /

/ / /

DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

10. Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 10, and on that basis denies them.

11. Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 11, and on that basis denies them.

12. Defendant denies each and every allegation of Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation of Paragraph 13 of the Complaint.

14. Defendant denies each and every allegation of Paragraph 14 of the Complaint

15. Defendant denies each and every allegation of Paragraph 15 of the Complaint

16. Defendant denies each and every allegation of Paragraph 16 of the Complaint

## FACTUAL ALLEGATIONS

17. Defendant admits that Plaintiff was employed as a Senior Technical Specialist, Lighting Pre-Development from January 4, 2016 to January 24, 2017. Defendant denies each and every remaining allegation of Paragraph 17.

18. Defendant admits that Plaintiff was recruited due to his expertise in headlight optics and automotive lighting. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 18 of the Complaint and on that basis denies them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant's alleged representations that it would: initiate a green card petition for Plaintiff's wife in early January of 2016, increase his salary if he performed well, provide him with additional shares if he performed well, or promote him if he performed well, and therefore denies them. Defendant denies each and every remaining allegation of Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff left his job with BMW Group in Germany to work for Defendant, and admits that Plaintiff was granted an O1 visa for three years, from January 2016 to December 2018. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 20 of the Complaint and on that basis denies them.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21.     Defendant admits that Plaintiff was instructed to report to Lighting Manager Ralf Meyer-Wendt, who in turn reported to Senior Director of Body Engineering, Eric Bach. Defendant denies each and every remaining allegation of Paragraph 21 of the Complaint.

22.     Defendant admits that, as a Senior Technical Specialist, Plaintiff's job duties consisted in part of serving as a "go between" between the design team and the engineering team, of which he was a member. Plaintiff's job responsibilities were neither specifically design nor engineering, but instead, his work spanned both groups. Defendant denies each and every remaining allegation of Paragraph 22 of the Complaint.

23.     Defendant denies each and every allegation of Paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation of Paragraph 24 of the Complaint.

25.     Defendant denies each and every allegation of Paragraph 25 of the Complaint.

26.     Defendant denies each and every allegation of Paragraph 26 of the Complaint.

27.     Defendant denies each and every allegation of Paragraph 27 of the Complaint.

28.     Defendant denies each and every allegation of Paragraph 28 of the Complaint.

29.     Defendant denies each and every allegation of Paragraph 29 of the Complaint.

30.     Defendant denies each and every allegation of Paragraph 30 of the Complaint.

31.     Defendant denies each and every allegation of Paragraph 31 of the Complaint.

32.     Defendant denies each and every allegation of Paragraph 32 of the Complaint.

33.     Defendant denies each and every allegation of Paragraph 33 of the Complaint.

34.     Defendant denies each and every allegation of Paragraph 34 of the Complaint.

35.     The allegations in Paragraph 35 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required Defendant denies each and every allegation of Paragraph 35 of the Complaint.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

36.     Defendant incorporates its responses to Paragraphs 1 to 35 of the Complaint as though fully set forth herein.

37.     Defendant denies each and every allegation of Paragraph 37 of the Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       38.    The allegations in Paragraph 38 of the Complaint are legal conclusions as to which

2 no answer is required.

3       39.    The allegations in Paragraph 39 of the Complaint are legal conclusions as to which

4 no answer is required.

5       40.    The allegations in Paragraph 40 of the Complaint are legal conclusions as to which

6 no answer is required.

7       41.    Defendant denies each and every allegation of Paragraph 41 of the Complaint.

8       42.    The allegations in Paragraph 42 of the Complaint are legal conclusions as to which

9 no answer is required. To the extent that a response is required, Defendant denies each and every

10 allegation of Paragraph 42.

11 **SECOND CAUSE OF ACTION**

12       43.    Defendant incorporates its responses to Paragraphs 1 to 42 of the Complaint as

13 though fully set forth herein.

14       44.    The allegations in Paragraph 44 of the Complaint are legal conclusions as to which

15 no answer is required.

16       45.    The allegations in Paragraph 45 of the Complaint are legal conclusions as to which

17 no answer is required.

18       46.    The allegations in Paragraph 46 of the Complaint are legal conclusions as to which

19 no answer is required.

20       47.    The allegations in Paragraph 47 of the Complaint are legal conclusions as to which

21 no answer is required. To the extent that a response is required, Defendant denies each and every

22 allegation of Paragraph 47.

23       48.    The allegations in Paragraph 48 of the Complaint are legal conclusions as to which

24 no answer is required. To the extent that a response is required, Defendant denies each and every

25 allegation of Paragraph 48.

26 **THIRD CAUSE OF ACTION**

27       49.    Defendant incorporates its responses to Paragraphs 1 to 48 of the Complaint as

28 though fully set forth herein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

50.　　The allegations in Paragraph 50 of the Complaint are legal conclusions as to which no answer is required.

51.　　The allegations in Paragraph 51 of the Complaint are legal conclusions as to which no answer is required.

52.　　The allegations in Paragraph 52 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 52.

53.　　The allegations in Paragraph 53 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 53.

## FOURTH CAUSE OF ACTION

54.　　Defendant incorporates its responses to Paragraphs 1 to 53 of the Complaint as though fully set forth herein.

55.　　The allegations in Paragraph 55 of the Complaint are legal conclusions as to which no answer is required.

56.　　The allegations in Paragraph 56 of the Complaint are legal conclusions as to which no answer is required.

57.　　The allegations in Paragraph 57 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 57.

## FIFTH CAUSE OF ACTION

58.　　Defendant incorporates its responses to Paragraphs 1 to 57 of the Complaint as though fully set forth herein.

59.　　The allegations in Paragraph 59 of the Complaint are legal conclusions as to which no answer is required.

60.　　The allegations in Paragraph 60 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 60.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-8905-6074.2
6
4:17-cv-03152-DMR
DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

61.     The allegations in Paragraph 74 of the Complaint are legal conclusions as to which no answer is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 61 and on that basis denies them.

62.     The allegations in Paragraph 62 of the Complaint are legal conclusions as to which no answer is required.

63.     The allegations in Paragraph 63 of the Complaint are legal conclusions as to which no answer is required.  To the extent that a response is required, Defendant denies each and every allegation of Paragraph 63.

**SIXTH CAUSE OF ACTION**

64.     Defendant incorporates its responses to Paragraphs 1 to 63 of the Complaint as though fully set forth herein.

65.     The allegations in Paragraph 65 of the Complaint are legal conclusions as to which no answer is required.  To the extent that a response is required, Defendant denies each and every allegation of Paragraph 65.

66.     The allegations in Paragraph 66 of the Complaint are legal conclusions as to which no answer is required.

**SEVENTH CAUSE OF ACTION**

67.     Defendant incorporates its responses to Paragraphs 1 to 66 of the Complaint as though fully set forth herein.

68.     The allegations in Paragraph 68 of the Complaint are legal conclusions as to which no answer is required.

69.     Defendant denies each and every allegation of Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 of the Complaint are legal conclusions as to which no answer is required.  To the extent that a response is required, Defendant denies each and every allegation of Paragraph 70.

71.     The allegations in Paragraph 71 of the Complaint are legal conclusions as to which no answer is required.  To the extent that a response is required, Defendant denies each and every

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-8905-6074.2                                                                7                                                    4:17-cv-03152-DMR
DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

allegation of Paragraph 71.

**EIGHTH CAUSE OF ACTION**

72. Defendant incorporates its responses to Paragraphs 1 to 71 of the Complaint as though fully set forth herein.

73. The allegations in Paragraph 73 of the Complaint are legal conclusions as to which no answer is required.

74. The allegations in Paragraph 74 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 74.

75. The allegations in Paragraph 75 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 75.

76. The allegations in Paragraph 76 of the Complaint are legal conclusions as to which no answer is required.

**NINTH CAUSE OF ACTION**

77. Defendant incorporates its responses to Paragraphs 1 to 76 of the Complaint as though fully set forth herein.

78. The allegations in Paragraph 78 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 78.

79. The allegations in Paragraph 79 of the Complaint are legal conclusions as to which no answer is required.

80. The allegations in Paragraph 80 of the Complaint are legal conclusions as to which no answer is required.

81. The allegations in Paragraph 81 of the Complaint are legal conclusions as to which no answer is required.

82. The allegations in Paragraph 82 of the Complaint are legal conclusions as to which no answer is required.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

83. The allegations in Paragraph 83 of the Complaint are legal conclusions as to which no answer is required.

84. The allegations in Paragraph 84 of the Complaint are legal conclusions as to which no answer is required.

85. The allegations in Paragraph 85 of the Complaint are legal conclusions as to which no answer is required.

86. The allegations in Paragraph 86 of the Complaint are legal conclusions as to which no answer is required.

87. The allegations in Paragraph 87 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 87 and on that basis denies them.

88. The allegations in Paragraph 88 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to each and every allegation of Paragraph 88 and on that basis denies them.

89. The allegations in Paragraph 89 of the Complaint are legal conclusions as to which no answer is required.

90. The allegations in Paragraph 90 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 90.

## TENTH CAUSE OF ACTION

91. Defendant incorporates its responses to Paragraphs 1 to 90 of the Complaint as though fully set forth herein.

92. The allegations in Paragraph 92 of the Complaint are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation of Paragraph 92.

DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  93.  The allegations in Paragraph 93 of the Complaint are legal conclusions as to which

2  no answer is required.  To the extent that a response is required, Defendant denies each and every

3  allegation of Paragraph 93.

4  94.  The allegations in Paragraph 94 of the Complaint are legal conclusions as to which

5  no answer is required.  To the extent that a response is required, Defendant denies each and every

6  allegation of Paragraph 94.

7  **ELEVENTH CAUSE OF ACTION**

8  95.  Defendant incorporates its responses to Paragraphs 1 to 94 of the Complaint as

9  though fully set forth herein.

10  96.  The allegations in Paragraph 95 of the Complaint are legal conclusions as to which

11  no answer is required.  To the extent that a response is required, Defendant admits that it contends

12  Plaintiff was an exempt employee at all relevant times.  Defendant is without knowledge or

13  information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 95

14  and on that basis denies them.

15  97.  The allegations in Paragraph 96 of the Complaint are legal conclusions as to which

16  no answer is required.  To the extent that a response is required, Defendant is without knowledge

17  or information sufficient to form a belief as to each and every allegation of Paragraph 95 and on

18  that basis denies them.

19  **TWELFTH CAUSE OF ACTION**

20  98.  Defendant incorporates its responses to Paragraphs 1 to 97 of the Complaint as

21  though fully set forth herein.

22  99.  The allegations in Paragraph 99 of the Complaint concerning California Labor

23  Code § 970 are legal conclusions as to which no answer is required.

24  100.  The allegations in Paragraph 100 of the Complaint concerning California Labor

25  Code § 972 are legal conclusions as to which no answer is required.  To the extent that a response

26  is required, Defendant admits that California Labor Code § 972 allows for the recovery of double

27  damages for violations of § 970.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-8905-6074.2                                    10                          4:17-cv-03152-DMR
DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1      101.   Defendant is without knowledge or information sufficient to form a belief as to the

2   truth of the allegations concerning Defendant's alleged representations that it would: initiate a

3   green card petition for Plaintiff's wife in early January of 2016, increase his salary if he performed

4   well, provide him with additional shares if he performed well, or promote him if he performed

5   well, and therefore denies them.  Defendant denies each and every remaining allegation of

6   Paragraph 101 of the Complaint.

7      102.   Defendant admits the allegation in Paragraph 102 of the Complaint that Plaintiff

8   left his job with BMW Group in Germany to come to the Bay Area to work for Defendant.

9   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

10  allegations that Plaintiff's job with BMW Group was secure and successful and that Plaintiff

11  relied on Defendant's alleged representations, and therefore denies them.

12     103.   Defendant admits that it instructed Plaintiff to report to Lighting Manager Ralf

13  Meyer-Wendt.  Defendant denies each and every remaining allegation of Paragraph 103 of the

14  Complaint.

15     104.   Defendant admits that it built a functional, in-house lighting lab.  Defendant denies

16  each and every remaining allegation of Paragraph 104 of the Complaint.

17     105.   Defendant admits that Plaintiff's shares had an exercise price of $1.42.  Defendant

18  denies each and every remaining allegation of Paragraph 105 of the Complaint.

19     106.   Defendant denies each and every allegation of Paragraph 106 of the Complaint.

20     107.   Defendant admits that a green card petition was not initiated for Plaintiff's wife in

21  early January 2016.  Defendant is without knowledge or information sufficient to form a belief as

22  to the truth of the allegation concerning the alleged promise to initiate a green card petition for

23  Plaintiff's wife in early January 2016, and therefore denies it.

24     108.   Defendant admits that a green card petition was not initiated for Plaintiff's wife in

25  early January 2016.  Defendant is without knowledge or information sufficient to form a belief as

26  to the truth of the allegation concerning the alleged promise to initiate a green card petition for

27  Plaintiff's wife in early January 2016, and therefore denies it.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

109. The allegations in Paragraph 109 of the Complaint concerning Defendant's alleged representations and Plaintiff's entitlement to recover damages, are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 109.

## THIRTEENTH CAUSE OF ACTION

110. Defendant incorporates its responses to Paragraphs 1 to 109 of the Complaint as though fully set forth herein.

111. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant's alleged representations that it would: initiate a green card petition for Plaintiff's wife in early January of 2016, increase his salary if he performed well, provide him with additional shares if he performed well, or promote him if he performed well, and therefore denies them. Defendant denies each and every remaining allegation of Paragraph 111 of the Complaint.

112. Defendant denies each and every allegation contained in Paragraph 112 of the Complaint.

113. Defendant denies each and every allegation contained in Paragraph 113 of the Complaint.

114. Defendant admits the allegation in Paragraph 114 of the Complaint that Plaintiff left his job with BMW Group in Germany to come to the Bay Area to work for Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's job with BMW Group was secure and successful. Defendant denies each and every remaining allegation of Paragraph 114.

115. Defendant denies each and every allegation contained in Paragraph 115 of the Complaint.

116. The allegations in Paragraph 116 of the Complaint concerning acts which allegedly constitute oppression, fraud, or malice, are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 116.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FOURTHEENTH CAUSE OF ACTION**

117.     Defendant incorporates its responses to Paragraphs 1 to 116 of the Complaint as though fully set forth herein.

118.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant's alleged representations that it would: initiate a green card petition for Plaintiff's wife in early January of 2016, increase his salary if he performed well, provide him with additional shares if he performed well, or promote him if he performed well, and therefore denies them.  Defendant denies each and every remaining allegation of Paragraph 118 of the Complaint.

119.     Defendant denies each and every allegation of Paragraph 119 of the Complaint.

120.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's job with BMW Group was secure and successful.  Defendant denies each and every remaining allegation of Paragraph 120.

121.     Defendant admits the allegation in Paragraph 121 of the Complaint that Plaintiff left his job with BMW Group in Germany to come to the Bay Area to work for Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's job with BMW Group was secure and successful.  Defendant denies each and every remaining allegation of Paragraph 121.

122.     Defendant denies each and every allegation contained in Paragraph 122 of the Complaint.

123.     The allegations in Paragraph 123 of the Complaint concerning acts which allegedly constitute oppression, fraud, or malice, are legal conclusions as to which no answer is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 123.

**PRAYER FOR RELIEF**

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies every allegation contained in Plaintiff's prayer.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.    Plaintiff's Complaint and each and every claim contained therein fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.    Defendant is informed and believes and thereon alleges that Plaintiff's claims as contained in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure sections 338 and 340, Labor Code section 203, and/or any other applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

3.    Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that he may have had or has against Defendant arising from the transactions and/or occurrences contained in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

#### (Administrative Exemption)

4.    Plaintiff's claims are barred in whole or in part because Plaintiff was exempt from overtime requirements under the Administrative exemption of the Industrial Welfare Commission's Wage Orders.

### FIFTH AFFIRMATIVE DEFENSE

#### (Executive Exemption)

5.    Plaintiff's claims are barred in whole or in part because Plaintiff was exempt from overtime requirements under the Executive exemption of the Industrial Welfare Commission's Wage Orders.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SIXTH AFFIRMATIVE DEFENSE**

**(Professional Exemption)**

6.      Plaintiff's claims are barred in whole or in part because Plaintiff was exempt from overtime requirements under the Professional exemption of the Industrial Welfare Commission's Wage Orders.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Wages Owed)**

7.      Defendants are informed and believe and thereon allege that Plaintiff's claims for unpaid wages are barred because Defendants timely paid all wages owed to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Meal Period Law)**

8.      Pursuant to the applicable Wage Order, Defendants "provided" Plaintiff with the ability to take meal periods.

**NINTH AFFIRMATIVE DEFENSE**

**(Rest Period Law)**

9.      Pursuant to the applicable Wage Order, Defendants "authorized and permitted" Plaintiff to take rest periods.

**TENTH AFFIRMATIVE DEFENSE**

**(No Waiting Time Penalties)**

10.      Defendants are informed and believe and thereon allege that Plaintiff's claims for "waiting time penalties" under Labor Code Section 203 for untimely payment of wages are barred because Defendants did not intentionally or willfully withhold payment of wages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(De Minimis Time Doctrine)**

11.      If, in fact, Defendants have failed to pay Plaintiff for all time worked, the time is de minimis and, therefore, not compensable.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-8905-6074.2                                      15                                      4:17-cv-03152-DMR
DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

12.    Defendants' conduct was privileged as an exercise of their legal right to terminate an at-will employee.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Own Acts or Omissions)**

13.    The Complaint is barred, in whole or in part, because any injury or loss allegedly sustained by Plaintiffs was proximately and actually caused by and contributed to by Plaintiffs' willful conduct, negligence, carelessness, mistake, misuse, modification, and/or recklessness.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Justifiable Reliance)**

14.    The Plaintiff did not justifiably rely on any representations by this answering Defendant and Plaintiff is therefore barred from any recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Business Justification)**

15.    Defendants' activities undertaken with respect to Plaintiff, if any, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were not arbitrary, capricious, or unlawful.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

16.    Defendants are informed and believe and thereon allege that Plaintiff's First Amended Complaint, and each and every cause of action set forth therein alleged against Defendant, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-8905-6074.2
16
4:17-cv-03152-DMR
DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Payment)

17.     Plaintiff has been paid all sums earned by him and that are due and owing to his by virtue of his performance of work as alleged in the First Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

18.     If Plaintiff suffered any damages as a result of the facts alleged in his First Amended Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

19.     Plaintiff's First Amended Complaint and each and every cause of action set forth therein alleged against Defendants fails to state facts sufficient to recover punitive or exemplary damages or to show that Defendants were guilty of malice, oppression or fraud as required by California Code of Civil Procedure section 3294.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

20.     Defendant is informed and believes and based thereon alleges that Plaintiffs failed to adequately and properly exhaust the administrative prerequisites required for them to have the legal ability to sue for penalties under the Private Attorneys General Act, Labor Code section 2698, et seq.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Aggrieved Employee)

21.     Defendant is informed and believes and based thereon alleges that  the purported cause of action under PAGA is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees" under the Private Attorneys General Act of 2004, Labor Code section 2698, et seq.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(PAGA – No Penalties Beyond "Initial Violation")**

22.     Defendant is informed and believes and based thereon alleges that the purported cause of action under PAGA is barred to the extent Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, seek penalties beyond the "initial" violation as described in Labor Code section 2699(f)(2).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(PAGA Penalties are Unconstitutional as it Denies Due Process Rights)**

23.     Defendant is informed and believes and based thereon alleges that an award of penalties, including penalties under the Private Attorneys General Act, Labor Code section 2698, et seq., would be unconstitutional because it would deny Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

24.     Plaintiff is precluded from recovering the damages alleged in the First Amended Complaint because those damages are too vague, uncertain, and speculative to permit recovery.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence Doctrine)**

25.     The First Amended Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendants have presently and/or may acquire during the course of this litigation.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

26.     The First Amended Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TWENTY-SEVENTH AFFIRMATIVE DEFENSE

## (Other Defenses)

27.     Defendants are informed and believe, and thereon allege, that it may have other separate and/or additional defenses of which it is not aware, and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

WHEREFORE, Defendant prays as follows:

1.     Plaintiff takes nothing by the Complaint;

2.     Judgment be rendered in favor of Defendant;

3.     Defendant be awarded costs of suit;

4.     Defendant be awarded its attorney's fees incurred in the defense of this action; and

5.     Defendant be awarded whatever further relief the Court deems just and proper.

DATED: June 29, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ China Westfall
          Joseph R. Lordan
          China M. Westfall
          Attorneys for ATIEVA USA, INC. dba LUCID
          MOTORS USA, INC.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>DEMAND FOR JURY TRIAL</u>

Defendants hereby demand a jury trial in this matter.

DATED: June 29, 2017                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____China Westfall_____

Melissa T. Daugherty
China M. Westfall
Attorneys for PS BUSINESS PARKS, INC. dba
AMERICAN OFFICE PARK PROPERTIES, L.P.



DEFENDANT ATIEVA USA, INC. dba LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**
Marcel Sieler v. Atieva USA, Inc. dba Lucid Motors USA, Inc.
USDC – Northern District of California Case No.: 4:17-cv-03152-DMR

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

      At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      On June 29, 2017, I served the following document(s):

**DEFENDANT ATIEVA USA, INC. DBA LUCID MOTORS USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

      I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| David D. Sohn, Esq.<br>SOHN LEGAL GROUP, P.C.<br>275 Battery Street, Suite 200<br>San Francisco, CA 94111<br>***Attorney for Plaintiff***<br>**MARCEL SIELER** | Tel: 415.421.1300<br>Fax: 415.423.3455<br>Email: david@sohnlegal.com |

      The documents were served by the following means:

☒    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

      Executed on June 29, 2017, at San Francisco, California.


*Sharice Valenzuela*
Sharice Valenzuela

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW