

Joseph R. Lordan<br>
China Westfall<br>
333 Bush Street, Suite 1100<br>
San Francisco, California 94104-2872<br>
China.Westfall@lewisbrisbois.com<br>
Direct: 415.262.8566

November 22, 2017

**VIA E-FILING**

Hon. Donna M. Ryu
U.S. District Court for N.D. Cal.
Oakland Courthouse
1301 Clay Street, Suite 400S
Oakland, CA  94612

      Re:    **Discovery Dispute**
              *Marcel Sieler v. Atieva USA, Inc.*, Case No. 4:17-cv-3152 DMR (N.D. Cal.)

Dear Judge Ryu:

Plaintiff Marcel Sieler ("Plaintiff") and Defendant Atieva USA, Inc. d/b/a/ Lucid Motors USA, Inc. ("Defendant") (collectively, the "Parties") jointly submit this letter to seek the Court's intervention in a discovery dispute. The discovery requests at issue are attached as ***Exhibit A*** to this joint letter. Counsel for the Parties met and conferred in writing and over the phone on multiple occasions to try to resolve this dispute. Their most recent efforts over the phone on November 16, 2017 were unsuccessful.

The relevant case management deadlines are as follows:  (a) 5/29/2018 is the last day for all non-expert discovery; (b) 5/29/2018 is the last day to disclose experts and reports; (c) 6/12/2018 is the last day to disclose rebuttal experts and reports; (d) 6/26/2018 is the last day for all discovery from experts; (e) 7/26/2018 is the last day for hearing on dispositive motions; (f) 10/10/2018 is the day of the pretrial conference; and (g) 10/22/2018 is the first day of trial.

**Plaintiff's Position**

Plaintiff filed his lawsuit against Defendant to recover overtime pay, compensatory and punitive damages for misrepresentations to induce relocation, and civil penalties under the Private Attorney Generals Act ("PAGA").  In connection with his PAGA claim, Plaintiff has alleged, in his Complaint and his pre-lawsuit notice to the Labor & Workforce Development Agency, that he is seeking to recover civil penalties on behalf of "other aggrieved current and former employees" for various Labor Code violations.  Plaintiff contends he is entitled to obtain contact information and employment history information for Defendant's exempt non-management employees to assess whether they too were misclassified like Plaintiff.  Defendant, on the other hand, contends Plaintiff

ARIZONA   •   CALIFORNIA   •   COLORADO   •   CONNECTICUT   •   FLORIDA   •   GEORGIA   •   ILLINOIS   •   INDIANA   •   KANSAS   •   KENTUCKY
LOUISIANA   •   MARYLAND   •   MASSACHUSETTS   •   MISSOURI   •   NEVADA   •   NEW JERSEY   •   NEW MEXICO   •   NEW YORK
NORTH CAROLINA   •   OHIO   •   OREGON   •   PENNSYLVANIA   •   RHODE ISLAND   •   TEXAS   •   WASHINGTON   •   WEST VIRGINIA

4852-2274-7478.1

Hon. Donna M. Ryu
November 22, 2017
Page 2

is not entitled to *any* such information because his PAGA claim is "unmanageable." Defendant has demanded Plaintiff to dismiss his PAGA claim at this juncture.

At issue here are 10 interrogatories and one document request. See **Exhibit A**. These discovery requests are narrowly tailored to obtain information on the size and scope of Plaintiff's PAGA claim. As explained in more detail below, the case law supports Plaintiff's contention that he is entitled to this discovery. Defendant's contention lacks merit.

The scope of discovery allowed under a PAGA claim was analyzed by the California Supreme Court in its recent decision in *Williams v. Superior Court* (2017) 3 Cal. 5th 531. At issue in *Williams* was an interrogatory propounded by the plaintiff seeking information on the "name, address, telephone number, and company employment history of each nonexempt California employee." *Id.* at 539. The trial court ordered the defendant to produce this information only for the employees in the store the plaintiff worked at. It denied the plaintiff's request for this information for employees working at defendant's other stores. The plaintiff appealed and the Court of Appeal denied relief. *Id.* at 540. The California Supreme Court granted review.

The California Supreme Court began it analysis by recognizing that "[h]urdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives." *Id.* at 548. It explained "[t]hat the eventual proper scope of a putative representative action is as yet uncertain is no obstacle to discovery" and that "a party may proceed with interrogatories and other discovery methods precisely in order to ascertain that scope." *Id.* at 551. It further explained that this uncertainty is "the precise reason why the discovery should be permitted." *Id.* The California Supreme Court held that "California law permits the use of discovery to get information necessary to plead a cause of action" and that "it also permits the use of discovery to determine whether an individual dispute is only a drop in the pond and a broader representative action is warranted." *Id.* It reiterated that "[d]oubts as to whether particular matters will aid in a party's preparation for trial should generally be resolved in favor of permitting discovery" and that "this is especially true when the precise issues of the litigation or the governing legal standards are not clearly established." *Id.* Given this reasoning, the California Supreme Court ruled that "contact information is reasonably understood as a legitimate starting point for further investigations through which a plaintiff may educate [himself or herself] concerning [the parties'] claims and defenses." *Id.* at 552.

There is no legal authority requiring Plaintiff to provide Defendant with a *prima facie* showing of "manageability" or any other class certification requirement prior to obtaining discovery on his PAGA claim. *See Plaisted v. Dress Barn, Inc.* (C.D. Cal. 2012) 2012 WL 4356158, at *2 (noting that the "majority position" is to "allow[]representative PAGA claims to proceed without class certification under Rule 23"). A PAGA action (or claim) is not a class action.

The district court's analysis in *Zackaria v. Wal-Mart Stores, Inc.* (C.D. Cal. 2015) 142 F. Supp. 3d 949 is instructive. It examined the same contention asserted by Defendant here and held that

"[h]olding that individualized liability determinations make representative PAGA actions unmanageable, and therefore untenable, would impose a barrier on such actions that the state law enforcement agency does not face when it litigates those cases itself." *Id.* at 959. In *Zackaria*, the court found that imposing such a requirement, which does not exist in the PAGA statute, and is not imposed upon the government, would "obliterate [the] purpose" of representative PAGA actions. *Id.* (citing *Plaisted, supra,* 2012 WL 4356158, at *2). The district court explained that "[s]eeking civil penalties on behalf of aggrieved employees may make plaintiff's case difficult to prove, and may require evidence regarding a significant number of individual employees." *Id.* However, it also noted that "PAGA actions are unlike class actions" in that "they are distinct in purpose and function from a purely procedural rule, and unlike Rule 23, the purpose of PAGA is not to allow a collection of individual plaintiffs to sue the same defendant in one consolidated action for the sake of convenience and efficiency." *Id.* (citation omitted). The district court concluded that "the imposition of a manageability requirement -- which finds its genesis in Rule 23 -- makes little sense in this context." *Id.* It explained: "At trial, plaintiff may prove that defendant violated the California Labor Code with respect to the employees it describes as 'aggrieved employees,' some of the employees, or he may not prove any violations at all. But the fact that proving his claim may be difficult or even somewhat burdensome for himself and for defendant does not mean that he cannot bring it at all." *Id.* at 959-960.

Similarly, Plaintiff is entitled to obtain contact information and employment history information for Defendant's exempt non-management employees to assess whether they too were misclassified like Plaintiff. Just because proving these other employees were misclassified may be difficult or burdensome is not a proper justification for Defendant to object to this discovery.

Defendant will cite several cases in support of its contention that Plaintiff's PAGA claim is unmanageable and that his discovery requests should be denied. They are all distinguishable on the ground that the PAGA claims asserted therein were dismissed ***after*** the parties engaged in extensive discovery and the courts denied class certification. See *Ortiz v. CVS Caremark Corp.* (N.D. Cal 2014) U.S. Dist. LEXIS 36833 (noting that plaintiff's class certification motion was denied); *Brown v. Am. Airlines, Inc*. (C.D. Cal. 2015) 2015 U.S. Dist. LEXIS 150672 (same); *Amey v. Cinemark USA Inc.* (N.D. Cal. 2015), 2015 WL 2251504 (same).

The Parties are still in the early stages of discovery. Plaintiff has taken discovery relating to his individual claims only. Plaintiff has not yet obtained any discovery on his PAGA claim. Before any determination can be made regarding the so-called "manageability" of Plaintiff's PAGA claim, or any other deficiency in this claim for that matter, Plaintiff should be allowed to obtain the requested discovery. There is a protective order on file in this action to address any privacy concerns that Defendant may have.

Plaintiff requests this Court to compel Defendant to provide proper responses to all the discovery requests identified in ***Exhibit A*** within 10 days of the Court's order.

Hon. Donna M. Ryu
November 22, 2017
Page 4

## Defendant's Position

The discovery requests at issue include requests for contact information for all exempt employees employed by Defendant in non-management positions since February of 2016, "all organizational charts," and the identity of any employees originally classified as exempt who were re-classified as non-exempt during the relevant time period. While Defendant acknowledges that the right to discovery is generally broad, Plaintiff's asserted PAGA claim, through which he seeks to represent all non-management employees in California who were classified as exempt from February 2016 to present, is unmanageable. On this basis, Defendant seeks an order limiting the scope of permissible discovery on Plaintiff's PAGA claim to individuals who hold or held the position of Technical Specialist or Senior Technical Specialist (Plaintiff's position) during the relevant time period. In the alternative, Defendant seeks an order staying discovery on this claim to allow Defendant to seek its dismissal by way of a Motion to Strike.

Numerous federal courts in California have held that representative PAGA claims could not proceed, and must be stricken, because the claims were unmanageable. (*See, e.g., Ortiz v. CVS Caremark Corp.* (N.D. Cal 2014) U.S. Dist. LEXIS 36833, at *4 (representative PAGA claims cannot proceed where the claims are "unmanageable because a multitude of individualized assessments would be necessary"); *Brown v. Am. Airlines, Inc.* (C.D. Cal. 2015) No. CV 10-8431-AG (PJWx)) 2015 U.S.Dist.LEXIS 150672, at 1* (striking PAGA claims based on manageability issues where "[t]here appears to be too many individualized assessments to determine PAGA violations concerning overtime pay" and individual issues appeared to predominate); *Amey v. Cinemark USA Inc.* (N.D. Cal. 2015) No. 13–cv–05669–WHO, 2015 WL 2251504, at *16 (dismissing PAGA claims under Rule 12(c) where "numerous individualized determinations would be necessary to determine whether any class member has been injured").

District Courts in California have also set limitations on the scope of PAGA discovery relating to manageability arguments raised by defendants. In *Garcia v. Persolve, LLC* (C.D.Cal. June 20, 2013, No. SACV 12-1428 BRO (FFMx)) 2013 U.S.Dist.LEXIS 198091, the Central District delayed discovery Plaintiff sought to compel relating to his PAGA claim pending a determination on Defendant's Motion for Summary Judgment and Motion to Strike the PAGA claim. The Court acknowledged that, while a party is presumptively entitled to take discovery as to a pending claim as a general manner, "the Court must balance the burden imposed by the proposed discovery with the potential benefit to the requesting party of obtaining the information." (*Garcia, supra* at *3.) The Court concluded it was inappropriate to require Defendant to provide the discovery until a determination was made on its pending motions. (*Id.* at *5-*6.) The Southern District has similarly found it appropriate to stay PAGA-related discovery pending a determination as to the manageability of a PAGA claim. (*See Williams v. Lockheed Martin Corp.* (S.D.Cal. Jan. 27, 2012, No. 09cv1669 WQH (MDD)) 2012 U.S.Dist.LEXIS 10020l; *See also Rix v. Lockheed Martin Corp.* (S.D.Cal. Jan. 4, 2012, No. 09cv2063 MMA (NLS)) 2012 U.S.Dist.LEXIS 653 (precluding PAGA discovery despite denial of Defendant's Motion to Strike allegations as unmanageable based on

Plaintiff's assertion that claim could be established with common evidence and due to burden.) While there is no Motion to Strike pending in this case, these decisions illustrate that the manageability of a PAGA claim is relevant to the Court's determination of whether discovery relating to a Plaintiff's PAGA claim should be delayed, limited, or even precluded.

The group of "non-management employees" about whom discovery is sought in this case is a group of over 150 current and former employees, the majority of whom hold or held unique job positions. Namely, the group includes over 100 different job positions. The job duties and time spent on various tasks by each individual vary significantly from position to position, and even from person to person in the event two or more individuals share a job title. Given that Defendant Atieva is a startup, it is not the type of company at which there are dozens of individuals assigned to the same job positions who perform the same key tasks.

In order to determine whether each current or former exempt employee in a non-management role is or was misclassified as exempt (and thus is "aggrieved"), the Court would have to conduct a separate mini-trial for each individual to determine what his or her job duties are, and how he or she spends the hours of his or her day. Even limiting this inquiry to individuals who hold or held Technical or Senior Technical Specialist roles during the relevant time period presents an arguably unmanageable PAGA claim due to the variance in areas of focus from position to position.

The *Williams* decision is distinguishable from this case in that the PAGA claim at issue in that case was based on an alleged Company-wide failure to provide meal and rest breaks. (*See Williams,* 3 Cal.5th, *supra* at 538.) Accordingly, the Court deemed discovery of the contact information for non-exempt California employees (those Plaintiff purported to represent) to be appropriate. Here, Plaintiff's PAGA claim is based on the allegation that the aggrieved employees were misclassified as exempt based upon their job duties. Given the breadth of positions which fall within Plaintiff's purported PAGA claim, Defendant seeks to limit the scope of allowable discovery at this stage of the litigation in order to protect the privacy interests of its current and former employees.

In the event the Court finds that Defendant must provide responses to some or all of the discovery requests at issue, Defendant requests an order requiring the issuance of *Belaire-West* Notices prior to the disclosure of any identifying information, including contact information, the identification of specific job titles, or the production of organizational charts.

/ / /

/ / /

/ / /

/ / /

Hon. Donna M. Ryu
November 22, 2017
Page 6

DATED:  November 22, 2017            **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By: :_____/s/_____
China Westfall

Attorneys for Defendant
ATIEVA USA, INC. d/b/a LUCID MOTORS USA, INC.

DATED:  November 22, 2017            **SOHN LEGAL GROUP, P.C.**


By:_____/s/_____
David Sohn

Attorneys for Plaintiff
MARCEL SIELER

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 37**

Any and all organizational charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this request on the grounds that it is overbroad in time and scope. Subject to and without waiving this objection, and limiting its response to the Organizational Chart applicable to the Lighting Team during Plaintiff's employment, Defendant will produce all responsive documents.

**SPECIAL INTERROGATORY NO. 1**

IDENTIFY all of YOUR non-management employees who were classified as exempt during the TIME PERIOD.

For the purposes of this interrogatory and all other interrogatories, unless otherwise specified, the term "IDENTIFY" means to provide the full name, job title, last known address, last known telephone number, last known email address, and dates of employment (including start date and end date, if applicable).  For the purposes of this interrogatory and all other interrogatories, unless otherwise specified, the terms "YOU," "YOUR," and "ATIEVA" refer to Defendant Atieva USA, Inc. d/b/a LUCID MOTORS USA, INC., its predecessors, successors, and agents.  For the purposes of this interrogatory and all other interrogatories, unless otherwise specified, the term "TIME PERIOD" refers to February 2016 to the present.

**AMENDED RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted.  Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt.  Accordingly, the request for identifying information relating to all "non-management employees who were classified as

exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties. In the event Defendant is required to disclose the above-requested identifying information, steps should be taken to protect the privacy rights of these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees who are deemed to constitute "non-management employees who were classified as exempt during the TIME PERIOD."

Based on the foregoing objections, Defendant will not provide a response to the interrogatory as it is currently drafted. Defendant invites Plaintiff to meet and confer in order to narrow the scope of information sought such that it is relevant to Plaintiff's claims.

**SPECIAL INTERROGATORY NO. 2**

IDENTIFY all employees who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD.

**AMENDED RESPONSE TO SPECIAL INTERROGATORY NO. 2**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted. Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt. Accordingly, the request for identifying information relating to "all employees who were originally classified as exempt, but re-classified as non-exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties. In the event Defendant is required to disclose the above-requested identifying information, steps should be taken to protect the privacy rights of

these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees "who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD."

## SPECIAL INTERROGATORY NO. 7

State the number of non-management employees in California who were classified as exempt during the TIME PERIOD.

For the purposes of this interrogatory and all other interrogatories, unless otherwise specified, the term "TIME PERIOD" refers to February 2016 to the present.

## RESPONSE TO SPECIAL INTERROGATORY NO. 7:

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted. Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt. Accordingly, the request for identifying information relating to all "non-management employees who were classified as exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties. In the event Defendant is required to disclose the above-requested identifying information, steps should be taken to protect the privacy rights of these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees who are deemed to constitute "non-management employees who were classified as exempt during the TIME PERIOD."

Based on the foregoing objections, Defendant will not provide a response to the interrogatory as it is currently drafted. Defendant invites Plaintiff to meet and confer in order to narrow the scope of information sought such that it is relevant to Plaintiff's claims.

4845-2321-6214.1

EXHIBIT A

**SPECIAL INTERROGATORY NO. 8**

IDENTIFY the jobs held by each of YOUR non-management employees in California who were classified as exempt during the TIME PERIOD.

For the purposes of this interrogatory only, the term "IDENTIFY" means to provide the job title, job description, dates of employment (including start date and end date, if applicable), salary, number of workweeks, and number of pay periods. Plaintiff requests that this information be provided in Excel format.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted. Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt. Accordingly, the request for identifying information relating to all "non-management employees who were classified as exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties. In the event Defendant is required to disclose the above-requested identifying information, steps should be taken to protect the privacy rights of these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees who are deemed to constitute "non-management employees who were classified as exempt during the TIME PERIOD."

Based on the foregoing objections, Defendant will not provide a response to the interrogatory as it is currently drafted. Defendant invites Plaintiff to meet and confer in order to narrow the scope of information sought such that it is relevant to Plaintiff's claims.

**SPECIAL INTERROGATORY NO. 9**

State the total number of workweeks worked by YOUR non-management employees in California who were classified as exempt during the TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted. Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt. Accordingly, the request for identifying information relating to all "non-management employees who were classified as exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties. In the event Defendant is required to disclose the above-requested identifying information, steps should be taken to protect the privacy rights of these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees who are deemed to constitute "non-management employees who were classified as exempt during the TIME PERIOD."

Based on the foregoing objections, Defendant will not provide a response to the interrogatory as it is currently drafted. Defendant invites Plaintiff to meet and confer in order to narrow the scope of information sought such that it is relevant to Plaintiff's claims

**SPECIAL INTERROGATORY NO. 10:**

State the total number of pay periods worked by YOUR non-management employees in California who were classified as exempt during the TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks

information which is irrelevant to Plaintiff's claims as it is currently drafted. Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt. Accordingly, the request for identifying information relating to all "non-management employees who were classified as exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties. In the event Defendant is required to disclose the above-requested identifying information, steps should be taken to protect the privacy rights of these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees who are deemed to constitute "non-management employees who were classified as exempt during the TIME PERIOD."

Based on the foregoing objections, Defendant will not provide a response to the interrogatory as it is currently drafted. Defendant invites Plaintiff to meet and confer in order to narrow the scope of information sought such that it is relevant to Plaintiff's claims.

**SPECIAL INTERROGATORY NO. 11:**

State the number of employees who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted. Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt. Accordingly, the request for identifying information relating to all "employees who were originally classified as exempt, but re-classified as non-exempt" from February 2016 to present is overbroad, and seeks information

4845-2321-6214.1

which is not relevant to Plaintiff's claims as alleged in this lawsuit. Based on the foregoing objections, Defendant will not provide a response to the interrogatory as it is currently drafted. Defendant invites Plaintiff to meet and confer in order to narrow the scope of information sought such that it is relevant to Plaintiff's claims.

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY the jobs held by each of YOUR employees who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD.

For the purposes of this interrogatory only, the term "IDENTIFY" means to provide the job title, job description, dates of employment (including start date and end date, if applicable), salary, number of workweeks, and number of pay periods. Plaintiff requests that this information be provided in Excel format.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted. Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt. Accordingly, the request for identifying information relating to "all employees who were originally classified as exempt, but re-classified as non-exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties. In the event Defendant is required to disclose the above-requested identifying information, steps should be taken to protect the privacy rights of these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees "who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD."

4845-2321-6214.1

EXHIBIT A

**SPECIAL INTERROGATORY NO. 13:**

State the total number of workweeks worked by YOUR employees who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted.  Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical Specialists, who he alleges were uniformly misclassified as exempt.  Accordingly, the request for identifying information relating to all "employees who were originally classified as exempt, but re-classified as non-exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties.  In the event Defendant is required to disclose the above-requested information, steps should be taken to protect the privacy rights of these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees "who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD."

**SPECIAL INTERROGATORY NO. 14:**

State the total number of pay periods worked by YOUR employees who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information which is irrelevant to Plaintiff's claims as it is currently drafted. Specifically, on the face of Plaintiff's Complaint, he purports to represent Technical Specialists and Senior Technical

EXHIBIT A

Specialists, who he alleges were uniformly misclassified as exempt. Accordingly, the request for identifying information relating to all "employees who were originally classified as exempt, but re-classified as non-exempt" from February 2016 to present is overbroad, and seeks information which is not relevant to Plaintiff's claims as alleged in this lawsuit.

Defendant further objects on the ground that this request seeks information which would violate the privacy rights of third parties. In the event Defendant is required to disclose the above-requested information, steps should be taken to protect the privacy rights of these individuals to the extent possible, including through the issuance of a *Belaire-West* notice to all current and former employees "who were originally classified as exempt, but re-classified as non-exempt during the TIME PERIOD."